# IN THE COURT OF APPEALS OF IOWA

No. 14-0388
Filed May 14, 2014

**IN THE INTEREST OF S.M.,**
**Minor Child,**

**F.M., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Constance Cohen, Associate Juvenile Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Nicholas Einwalter, Des Moines, for appellant father.

Steven E. Clarke of Clarke Law Office, West Des Moines, for mother.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee State.

Michelle R. Saveraid of the Youth Law Center, Des Moines, for minor child.

Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A father appeals the termination of his parental rights to his child. He contends the State failed to prove the grounds for termination by clear and convincing evidence and that termination is not in the child's best interests. We review his claims de novo. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

The child came to the attention of the Iowa Department of Human Services (DHS) in April 2012 after it was reported the father had assaulted the mother in the child's presence. The child was two years old at the time of the incident. The child came to the juvenile court's attention just months later, in August 2012, when both parents were arrested for violating a no-contact order entered as a result of their history of domestic abuse. The child was placed with a paternal aunt, and a child in need of assistance (CINA) petition was filed.

The father has been involved with the DHS and juvenile court before. In 2001, his parental rights to two other children were terminated after unsuccessfully addressing his substance abuse issues in spite of years of DHS and court involvement. Although the father had made enough progress to be reunited with the children in February 1999, after a year of services, the progress was short-lived, and the children were removed from his care in February 2000. The father consented to termination in February 2001.

This time, the father participated in services initially, and was allowed overnight visitation by February 2013. Again, progress was short-lived, and by August 2013 the father was exhibiting concerning behavior regarding alcohol abuse and violence. He was arrested and incarcerated for operating while intoxicated (OWI) and assaulting a relative. The State filed a petition to terminate

the father's parental rights in December 2013. In February 2014, following a hearing, the juvenile court terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(d), (g), and (h) (2013).

Because we find the State proved the grounds for termination under section 232.116(1)(d), we can affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (holding the court need only find grounds to terminate under one of the subsections cited by the juvenile court to affirm). Termination is appropriate under section 232.116(1)(d) where the State proves by clear and convincing evidence:

> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

Iowa Code § 232.116(1)(d). The father does not dispute that the criteria of section 232.116(1)(d)(1) has been shown. He instead argues the circumstances that led to the CINA adjudication no longer exist.

Despite the father's claims, the evidence clearly shows the circumstances that led to the CINA adjudication continue to exist. It is true the father initially participated in services following the child's CINA adjudication and had nearly completed the batterer's education program by the August 2013 permanency hearing. However, he was arrested for OWI shortly thereafter with a blood alcohol concentration of .222 and was later arrested for assaulting his nephew.

The father was also attempting to contact the mother in violation of a protective order. The record shows the father does not have an appreciation of his substance abuse or domestic violence issues. These ongoing concerns led to the child's CINA adjudication.

We also find clear and convincing evidence that termination is in the child's best interests. The father's parental rights to two other children were terminated when the father was unable to make the changes necessary to safely parent them. A dozen years later, he is in no better position. The father's use of alcohol and his inability to abstain from violent behavior, especially when under periods of stress, shows he has not adequately addressed his issues. The evidence further shows he lacks an appreciation of them. Not only does this render him unable to have the child safely returned to him at this time or in the foreseeable future, but it prevents the father from having a meaningful relationship with the child. At the time of termination, the father had not seen the child in approximately six months due to his incarceration. Even when he is able to see the child, the visitations must be fully supervised.

In making the best-interests determination, we give primary consideration to the child's safety, the best placement for furthering the child's long-term nurturing and growth, and the child's physical, mental, and emotional conditions and needs. *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). Given the father's inability to resume care of the child, his sporadic presence in her life, and the safety concerns he presents, we find termination is in the child's best interests and affirm.

**AFFIRMED.**